IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| MIL ACQUISITION VENTURE, L.P., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:11-CV-06037-BCW |
| AVENUE C-STORES, INC., et al., | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendants' Motion for Judgment on the Pleadings (Doc. #41). The Court being duly advised of the premises, for good cause shown, and for the following reasons denies said Motion.

**LEGAL STANDARD**

The Court should grant a motion for judgment on the pleadings "where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir. 2008) (citation omitted). The standard of review for a motion for judgment on the pleadings is essentially the same as the standard for a motion to dismiss for failure to state a claim upon which relief can be granted. Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009) (citation omitted). When considering the motion, the Court must accept all facts pled by the non-movant as true and grant all reasonable inferences in favor of the non-movant. Poehl, 528 F.3d at 1096 (citation omitted).

## BACKGROUND

On April 27, 2011, M & I Marshall & Isley Bank filed the Complaint against Defendants (Doc. #1) and was the sole party-plaintiff in this action. On September 9, 2011, Plaintiff filed an Unopposed Motion to Substitute Party Plaintiff pursuant to Rule 25(c) of the Federal Rules of Civil Procedure (Doc. #16). The Motion sought a Court order substituting Plaintiff for M & I Marshall & Isley Bank as the party-plaintiff, and the Court entered an Order granting the requested relief on September 20, 2011 (Doc. #21).

## ANALYSIS

Despite Plaintiff citing Rule 25(a)(3) of the Federal Rules of Civil Procedure in its Suggestions in Opposition (Doc. #47), Rule 25(a)(3) does not apply. Instead, the Court's analysis focuses on Rule 25(c).

Rule 25 of the Federal Rules of Civil Procedure sets forth the procedure for substitution. Kuelbs v. Hill, 615 F.3d 1037, 1042 (8th Cir. 2010). "A party's obligation to request substitution, and the corresponding ability of the court to allow substitution, are somewhat different in each situation" as articulated by Rule 25(a), (b), (c), and (d). Id. Rule 25(c) permits substitution when a party's interest is transferred to someone else during a lawsuit. See Fed. R. Civ. P. 25(c).

Here, Plaintiff sought substitution because on or about July 26, 2011, M & I Marshall & Isley Bank assigned to Plaintiff all right, title, and interest in the loan and guaranties that are the subject of this action. See Doc. #16. For purposes of Defendants' Motion for Judgment on the Pleadings, the Court views these facts as true.

In their Motion for Judgment on the Pleadings, Defendants argue they are entitled to judgment as a matter of law because Plaintiff fails to state any plausible claim for relief due to Plaintiff's failure to amend the Complaint. See Docs. #41 and #42. Although Rule 17(a) of the Federal Rules of Civil Procedure requires every action be prosecuted in the name of the real party in interest, Defendants have not cited any authority that requires Plaintiff to file an amended complaint after Plaintiff was substituted as the party-plaintiff under Rule 25(c). The case cited by Defendant, Hughes v. Auto-Owners, Ins. Co., No. 4-11-CV-979, 2011 WL 2601519 (E.D. Mo. June 30, 2011), is inapplicable to this matter for the reasons stated in Plaintiff's Suggestions in Opposition.

Further, Rule 25(c) "is designed to allow an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit." ELCA Enter., Inc. v. Sisco Equip. Rental & Sales, Inc., 53 F.3d 186, 191 (8th Cir. 1995) (citing Gen. Battery Corp. v. Globe-Union, Inc., 100 F.R.D. 258, 261 (D. Del. 1982)) (internal quotations omitted). It is a "procedural rule that is necessary for the efficient functioning of the federal courts … [and] it allows for the efficient operation of the federal courts in the event of a transfer of interest." Gen. Battery Corp., 100 F.R.D. at 262-63.

This Court's September 20, 2011 Order (Doc. #21) did not simply add Plaintiff as an additional plaintiff in this action, but replaced the original plaintiff and inserted Plaintiff as the sole party-plaintiff. The nature of this action remained unaffected by Plaintiff's substitution. Plaintiff seeks the same relief and assumed the position formerly held by M & I Marshall & Isley Bank in this matter. Defendants may assert the same defenses against Plaintiff it would have had against M & I Marshall & Isley Bank. Thus,

Plaintiff stepped into the shoes of M & I Marshall & Isley Bank and the action continued unabated.

Accordingly, it is hereby

ORDERED Defendants' Motion for Judgment on the Pleadings (Doc. #41) is DENIED.

IT IS SO ORDERED.

DATED: <u>September 27, 2012</u>

<u>/s/ Brian C. Wimes</u><br>
JUDGE BRIAN C. WIMES<br>
UNITED STATES DISTRICT COURT